UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL HORACEK, | Case No. 07-13822 |
| Plaintiff, | Avern Cohn<br>U.S. District Judge |
| vs. | |
| DERRICK WILSON, *et. al.*, | Michael Hluchaniuk<br>U.S. Magistrate Judge |
| Defendants, | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL, EXTENDING DISCOVERY,
AND ADJOURNING DISPOSITIVE MOTION DEADLINE**

A. <u>Procedural History</u>

This matter involves civil rights claims asserted by plaintiff, a prisoner in the custody of the State of Michigan against defendants, who are various employees and contractors of the Oakland County Sheriff's Department and Jail. (Dkt. # 1). Plaintiff's claims involve religious-based food service issues, the failure to provide certain accommodations relating to his purported disability, and also safety and security issues. *Id*. Defendants filed an answer to the complaint on November 20, 2007. (Dkt. # 13). District Judge Avern Cohn referred this matter to Magistrate Judge Paul J. Komives for all pretrial purposes on September 20, 2007. (Dkt. # 7).

1

This matter was reassigned to the undersigned on January 14, 2008. (Dkt. # 17).

The Scheduling Order that governs this matter requires all discovery to be completed by April 9, 2008 and all dispositive motions to be filed by May 9, 2008. (Dkt. # 16). Well before the close of discovery, plaintiff filed a motion to compel discovery and a motion to extend the discovery period. (Dkt. # 23, 25). Plaintiff filed a "supplement" in support of his motion to compel on April 3, 2008. (Dkt. # 28). Defendants filed responses to these motions on April 10, 2008. (Dkt. # 31, 32). The Court ordered the parties to submit a Joint Statement of Resolved and Unresolved Issues by May 30, 2008 regarding all unresolved discovery disputes. (Dkt. # 36). Defendants and plaintiff each filed statements. (Dkt. # 46, 47). The parties both agree that the discovery deadline should be extended and this issue is no longer in dispute. The parties continue to disagree over whether defendants have provided sufficient discovery responses and lodged sufficient and timely objections thereto.

B. <u>Standard of Review</u>

The scope of discovery is, of course, within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "An order denying further discovery will be grounds for reversal only if it was an abuse of discretion resulting in substantial prejudice." *Id.* (citation and quotation

omitted). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Lewis*, 135 F.3d at 402, citing, *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970). However, "discovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1). Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." *Lewis*, 135 F.3d at 402, quoting, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-352 (1978) (internal quotation marks omitted).

    C.    <u>Analysis and Conclusions</u>

        1.    Waiver.

According to plaintiff's statement, defendants failed to submit timely objections to his discovery requests and therefore, have waived all objections. (Dkt. # 47, pp. 2-3). Plaintiff suggests that defendant may not rely on Rule 33(b)(4)[1] to excuse their failure because they have not offered any good cause for

---

[1] Rule 33(b)(4) provides that the "grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."

failing to timely object to plaintiff's discovery requests. *Id*. at 2. Plaintiff also asserts that defendants responses were not merely 8 days late as they claim, but were actually 22 days late.[2] *Id*. at 3.

Defendants do not dispute that they did not timely respond to plaintiff's discovery requests. Defendants argue, however, that plaintiff's claim of waiver should be rejected because plaintiff has neither alleged nor shown any prejudice and because plaintiff fails to address the legitimacy of the objections asserted. (Dkt. # 46, pp. 3-4). Defendants further explain that because plaintiff propounded three sets of requests to produce and three sets of interrogatories, they were required to search for documents in multiple areas, including the jail clinic, chaplain's office, in "classification," and in the jail computer system. (Dkt. # 32, p. 9). Further, follow up discussions to obtain all the documents requested by plaintiff were required, causing a delay in responding to the requests. *Id*. at 10. Defendants state that the collection, compilation, and review of documents, along with the preparation of answers for three different defendants prevented them from responding in a timely fashion. *Id*. According to defendants, because plaintiff is

---

[2] Defendants' reference to providing responses 8 days late appears to be based on plaintiff's February 29, 2008 letter requesting responses by March 11, 2008. (Dkt. # 32, p. 10). Defendants argue that their responses were provided only 8 days after *this date* and do not suggest that they served responses 8 days after the February 28, 2008 deadline. *Id*.

4

incarcerated, they were not able to contact him to avoid the delay. *Id*. Defendants explain:

> When Plaintiff's letter dated February 29, 2008 was received requesting the responses by March 11, 2008, counsel anticipated being able to comply with the request, however, further revisions to the responses delayed the service of the responses another week to March 19, 2008. Rather than providing Plaintiff with a limited response and then supplementing as additional information was received, counsel believed it best to provide all materials together. This was not done to obstruct or prevent discovery but to avoid confusion regarding the documents provided and to avoid any claim that Defendants were attempting to play games by providing the material in more than one response.

*Id*. at 10.

The question is now whether this Court find that defendants waived any right to object to plaintiff's discovery requests. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 'constitutes a waiver of any objections.'" *Gonzalez, Jr. v. Ohio Cas. Ins. Co.*, 2008 WL 795757, *1 (E.D. Mich. 2008), quoting, *Carfagno v. Jackson National Life Ins.*, 2001 WL 34059032 (W.D. Mich. 2001). Before finding any waiver, the Court must "examine the circumstances of each case to determine whether enforcement of the waiver is equitable, including the reason for tardy compliance, prejudice to the opposing party and the facial propriety of the discovery requests."

*Gonzalez*, at *1.  In *Gonzalez*, Magistrate Judge Mona Majzoub concluded that the defendant had waived its objections where (1) it failed to contact plaintiff regarding the circumstances causing the delay, (2) the evidence showed that the defendant's counsel had access to the pertinent documents over one month before the motion to compel was filed, (3) the defendant served responses only after the motion to compel was filed, and (4) the defendant failed to provide the court with sufficient information regarding the propriety of the objections.  *Id*. at *2.

Applying the principles from *Gonzalez*, and after reviewing the record in this case, the Court concludes that defendants have established sufficient good cause for the brief delay in providing discovery responses, including the objections, to plaintiff.  Here, defendants only assert limited objections to a portion of the requested discovery and have provided a sufficient explanation for the Court to rule on the those objections.  Additionally, defendants have established that they served extensive responses on plaintiff before the motion to compel was filed.  While defendants should have communicated with plaintiff regarding the need for additional time, obviously that is more difficult when a party is incarcerated.  Further, plaintiff seemed amenable to permitting defendants additional time to provide responses, given the February 29, 2008 letter indicating that he wanted responses by March 11, 2008.  Defendants served the responses shortly thereafter.

And, as noted by defendants, plaintiff has not asserted any prejudice caused by the delayed responses. The Court also concludes that defendants have raised legitimate objections to plaintiff's discovery requests, including objections pertaining to whether the information sought falls with the scope of discovery and relating to the difficulty formulating complete responses due to the breadth and wording of some of the requests, as discussed below. The Court exercises its discretion and concludes that, under these circumstances, finding a waiver of defendants' objections is not appropriate. Thus, each objection raised by defendants will each be addressed in turn.

> 2. Defendants' Objection to Interrogatory No. 5 Propounded on Defendants Atkins and Wallace.

The first discovery request at issue is plaintiff's request for defendants to "describe in as much detail as possible the complete circumstances surrounding your denial of Plaintiff Horacek's needs for special accommodations due to his physical disability while housed at the Oakland County Jail under your care and supervision from June 24, 2005 until July 2006." (Dkt. # 46, Ex. E, No. 5; Ex. F, No. 5). Defendants objected to this interrogatory as overly broad, vague, and because it assumed that plaintiff had a disability that required accommodation and that defendants failed to do so. *Id.*

7

The Court concludes that defendants have asserted a specific objection supported by sufficient detail to explain why the discovery is objectionable and that plaintiff's interrogatory is poorly worded. *See e.g., Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997). It is clear that plaintiff is trying to obtain information regarding defendants' position on whether he made any requests for accommodation and how those requests were handled by defendants. Given that plaintiff is proceeding in this matter *pro se* and it would be difficult for plaintiff to conduct depositions while incarcerated, it is understandable (albeit still inappropriate) that plaintiff sought such a breadth and depth of information in a single interrogatory. Thus, the Court concludes that defendants must provide a substantive response to the interrogatory with respect to any requests for accommodation made by plaintiff in the pertinent time frame and how those requests were handled. Defendants must provide responses to this interrogatory consistent with this Order within 21 days of its entry.

        3.     Defendants' Objection to Interrogatory No. 6 Propounded on Defendants Atkins and Wallace.

The next request is related to the previous request because plaintiff's seeks the identity of each person with knowledge of the facts set forth in defendants' response to the previous interrogatory. (Dkt. # 46, pp. 3-4, Ex. E, No. 6; Ex. F. No.

6).  Defendant objects on the same basis as the previous interrogatory and also asserts that the request is overly broad and vague because the "information sought would include every employee that had contact with Plaintiff or worked in the location where Plaintiff was housed for three shifts a day for over a year." *Id*. at 4.  Defendant argues that its provision of the names of those "in charge of the classification unit and the medical unit" is sufficient.  *Id*.  Again, plaintiff appears to want information regarding who has knowledge of defendants' position on whether plaintiff made any requests for accommodation, how those requests were handled, and who was involved in decisions made or actions taken regarding those requests.  This is an appropriate line of discovery and defendants must provide answers to this interrogatory consistent with this Order within 21 days of its entry.

        4.      Defendants' Objection to Interrogatory No. 7 Propounded on Defendants Atkins and Wallace.

Defendants also object to plaintiff's interrogatory requesting a narrative of the "complete circumstances surrounding your denial of Plaintiff Daniel Horacek wearing his yarmulke... ."  (Dkt. # 46, Ex. E, No. 7; Ex. F, No. 7).  Defendants assert that the request is so overly broad that it could be read to pertain to every deputy that had contact with plaintiff for over a year.  Despite the objection, defendants state that they identified the individual who made the decision and his

reasons for the decision. After reviewing defendants' responses to this interrogatory, the Court concludes that defendants' responses are incomplete. While the Court agrees that the request is overly broad, defendants' response is equally vague and conclusory, providing no description of how the decision was reached or the details of the "safety concerns" at issue. Defendants, therefore, must supplement their responses to this interrogatory, within 21 days of entry of this Order, to include sufficient detail regarding the decision to deny or limit plaintiff's request to wear his yarmulke, including a description of the safety concerns and the decision-making process.

5. Defendants' Objection to Request for Personnel Files.

Defendants also objected to plaintiff's request for complete and current copies of defendants' employment files, arguing that nothing in those employment files could possibly be related to plaintiff's claims and the request is not calculated to lead to the discovery of admissible information. (Dkt. # 46, pp. 4-5, Ex. H, No. 7; Ex. I, No. 5; Ex. J, No. 5). Plaintiff previously offered to amend his request to include only the annual reviews of defendants,[3] conditioned on his right to ask for the remainder of the files at a later time, a compromise to which defendants

---

[3] The parties have resolved this particular dispute as it relates to defendant Devaney. (Dkt. # 46, p. 1; Dkt. # 47, p. 2).

10

objected. *Id*. at 4; Ex. D; Ex. E. Plaintiff does not address the substance of defendants' objections, but rather, merely asserts that all objections raised by defendants "are nothing more than mere statements and are therefore not adequate to voice a successful objection." (Dkt. # 47, p. 5). Plaintiff does, however, unconditionally set forth an offer to compromise on this issue in his statement: "Plaintiff is willing to alter his request and accept the Annual Employment Evaluations for defendants Atkins and Wallace." *Id*. at 2. Thus, the parties appear to now be in agreement on how to resolve this issue and plaintiff has waived any right to obtain the complete personnel files for defendants, subject to the production of the annual reviews. Defendants must produce the annual reviews for these defendants within 21 days of entry of this Order.

      6.      Defendants' Objection to Production of Copies of Degrees and Certifications.

Defendants object to plaintiff's request for copies of any professional degrees or certificates held by defendants Wallace and Devaney as wholly immaterial to the issues in this case. (Dkt. # 46, p. 5; Ex. I, No. 9; Ex. J, No. 7). Plaintiff claims that such materials are relevant to defendant Devaney's knowledge of the Jewish faith. *Id*.; Ex. C. Defendants point out, however, that defendant Devaney included a description of her training and education in her discovery

11

responses, which should be sufficient. (Dkt. # 46, Ex. G, No. 2). The Court concludes that a narrative description of defendant Devaney's degrees and certifications is sufficient and that plaintiff fails to explain why actual copies of such degrees or certifications are either relevant or necessary in light of the information provided. Plaintiff does not address why copies of defendant Wallace's degrees and certifications are relevant or necessary. (Dkt. # 46, Ex. C). Thus, the Court concludes that plaintiff has waived or withdrawn this request.

       7.      Defendants' Objection to Providing Home Address of Former Employee.

Finally, the parties dispute whether defendants must provide the home address and telephone number of Major Eader, a former Oakland County employee, who apparently made the decision regarding when plaintiff was permitted to wear his yarmulke, but has since retired. Defendants argue that they cannot provide such information to an inmate due to safety and security concerns and plaintiff suggests that he will wait until he is released from incarceration (scheduled for July 10, 2008) to have access to this information. (Dkt. # 46, p. 2; Dkt. # 47, p. 4). Defendants insist that any communication with Major Eader must be done through counsel's office. (Dkt. # 46, p. 2; Ex. D).

Unless counsel for defendants, within seven days of entry of this Order, state

in writing to this Court that counsel for defendants represents Major Eader, defendants must submit, under seal, Major Eader's home address to the Court. If Major Eader is represented by defendants' counsel, plaintiff may serve any subpoena for discovery to Major Eader on counsel for defendants. If defendants' counsel does not represent Major Eader, plaintiff may submit any subpoena for discovery to Major Eader to the Court for service on Major Eader.

       8.       Extension of Deadlines.

The Court further orders that discovery must be completed by August 29, 2008 and that dispositive motions must be filed by September 30, 2008.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: June 11, 2008                                     s/Michael Hluchaniuk
                                                          Michael Hluchaniuk
                                                          United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Rick J. Patterson and Steven M. Potter, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Daniel Horacek, #218347, Parnal Correctional Facility, 1780 E. Parnall, Jackson, MI 49201.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov
