UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

        Plaintiff,

vs.

DERRICK WILSON, *et al*,

        Defendants.
_____/

Case No. 07-13822

Avern Cohn
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER DENYING MOTION
TO AMEND COMPLAINT (Dkt. 85)**

A.    Procedural History

      This matter involves civil rights claims asserted by plaintiff, a prisoner in the custody of the State of Michigan against defendants, who are various employees and contractors of the Oakland County Sheriff's Department and Jail. (Dkt. 1). Plaintiff's claims involve religious-based food service issues, the failure to provide certain accommodations relating to his purported disability, and also safety and security issues. *Id.* All defendants have been sued in their individual capacities. (Dkt. 1). Defendants filed an answer to the complaint on November 20, 2007. (Dkt. 13). District Judge Avern Cohn referred this matter to Magistrate Judge Paul

1

J. Komives for all pretrial purposes on September 20, 2007.  (Dkt. 7).  This matter was reassigned to the undersigned on January 14, 2008.  (Dkt. 17).

Defendants Atkins, Devaney, Wallace, the Oakland County Jail Administrator, and the Oakland County Classification Department (collectively, "Oakland County defendants"), filed a motion for summary judgment on September 30, 2008.  (Dkt. 72).  The undersigned recommended that defendants' motion be granted, which recommendation was adopted in part and rejected in part by Judge Cohn.  (Dkt. 102, 104).  As a result, the only claims that remain are those based on plaintiff's allegations that he was denied a religious diet.  Judge Cohn also ordered plaintiff to file, before this case proceeds further, within 30 days of entry of his order, a paper detailing: (1) the legitimacy of plaintiff's right to Kosher meals; and (2) a list of which defendant(s) were responsible for the allegedly inadequate provision of Kosher meals and the role of each defendant regarding the provision of Kosher meals.  (Dkt. 104, p. 15).  Plaintiff's "paper" is due April 30, 2009.

    B.    <u>Discussion</u>

Much of plaintiff's motion to amend his complaint is mooted by Judge Cohn's order adopting the recommendation that all claims except his religious diet claims be dismissed.  With respect to his religious diet claims, Judge Cohn's order

clearly states that plaintiff's supplemental paper detailing this claim only pertains to **defendants**, who are obviously already parties to this suit.

Moreover, under the applicable standards for amending a complaint, the undersigned concludes that plaintiff has unduly delayed in seeking amendment and his motion should be denied. Where, as here, defendants have already responded to the original complaint, plaintiff can amend only by leave of the Court. Fed.R.Civ.P. 15. Rule 15(a) provides, however, that the court should "freely give leave when justice so requires." In *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001), the court listed several factors to consider in order to decide whether to allow an amendment: "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." When a party has delayed in seeking to amend the complaint, the court should weigh the cause shown for the delay against the resulting prejudice to the opposing party. *Johnson v. Ventra Group, Inc.*, 124 F.3d 197 (6th Cir. 1997), citing, *Head v. Timken Roller Bearing Co.*, 486 F.2d 870, 873 (6th Cir. 1973). "Where discovery was closed, and the plaintiff requested to add new causes of action and new parties, without explanation for the delay in bringing the motion to amend the complaint, it was not an abuse of discretion to deny the

3

plaintiff's motion to amend." *Reeves v. Monroe*, 2006 WL 2700794, *4 (W.D. Mich. 2006), citing, *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992).

This matter was filed in September 2007, approximately one and a half years ago. A motion for summary judgment has been filed and decided. Discovery was extended at the request of plaintiff, and closed four months before plaintiff filed his motion to amend the complaint. Plaintiff offers no explanation for the delay in bringing this motion. Under these circumstances, the undersigned finds that plaintiff has unduly delayed filing his motion to amend and this proceeding would be unnecessarily extended and complicated by the adding more parties and claims. Plaintiff's motion to amend is, therefore, **DENIED**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: April 16, 2009                                       s/Michael Hluchaniuk
                                                                                      Michael Hluchaniuk
                                                                                      United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on April 16, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Rick J. Patterson and Steven M. Potter and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Daniel Horacek, # 218347, 951 Indianwood Road, Lake Orion, MI 48362.

                                                                                   s/James P. Peltier
                                                                                   Courtroom Deputy Clerk
                                                                                   U.S. District Court
                                                                                   600 Church Street
                                                                                   Flint, MI 48502
                                                                                   (810) 341-7850
                                                                                   pete_peltier@mied.uscourts.gov