UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HORACEK,

       Plaintiff,

v.                                                                    Case No. 07-13822

DERRICK WILSON,                                     HONORABLE AVERN COHN
LIEUTENANT ATKINS, CAPTAIN WALLACE,
SISTER PEGGY DEVANEY, OAKLAND
COUNTY JAIL ADMINISTRATOR, OAKLAND
COUNTY JAIL CLASSIFICATION DEPARTMENT,
MARY, and JOHN DOES,

       Defendants.

_____/

## ORDER
## ADOPTING REPORT AND RECOMMENDATION (Doc. 198)
## AND
## DISMISSING CASE FOR FAILURE TO PROSECUTE

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff is proceeding

pro se and in forma pauperis (IFP).  In 2007, plaintiff filed a complaint against various

defendants, raising a host of claims regarding his incarceration at the Oakland County

Jail (OCJ) from June 24, 2005 through July 6, 2006 as a pre-trial detainee.  The case

was referred to a magistrate judge for pre-trial proceedings and before whom certain

defendants filed a motion for summary judgment.  On March 30, 2009, the Court

adopted the magistrate judge's report and recommendation (MJRR) on the summary

judgment motion in part.  Only plaintiff's First Amendment § 1983 claim and statutory

claim regarding the provision of Kosher meals remain.  In January 2010, defendant

Derrick Wilson filed a motion for summary judgment (Doc. 187) and the remaining defendants, Lieutenant Atkins, Oakland County Jail Chaplain Devaney, Oakland County Jail Administrator, Oakland County, and Jail Classification Department, filed a renewed motion for summary judgment (Doc. 190). As will be explained, plaintiff failed to timely respond to the motion. This failure, coupled with the numerous other failures of plaintiff to meet court-mandated deadlines, led the magistrate judge to issue a report and recommendation, recommending that the case be dismissed for lack of prosecution and defendants' summary judgment motions be denied as moot. (Doc. 198)

Before the Court are plaintiff's objections to the MJRR, which were timely filed. (Doc. 200). Defendants have filed a response to the objections. (Doc. 202). Plaintiff also filed an untimely response to defendants' summary judgment motions, (Doc. 204) and a letter purporting to explain that the failure to timely respond to the summary judgment motions was not his fault (Doc. 205). Defendants responded to plaintiff's letter filing, indicating that plaintiff's summary judgment response was not timely, plaintiff offers no credible explanation for why his response was untimely.

For the reasons that follow, the MJRR will be adopted and the case will be dismissed. Moreover, as will be explained, the Court has reviewed the parties's summary judgment papers and concludes that even if the case was not subject to dismissal for failure to prosecute, defendants would be entitled to summary judgment for the reasons stated in their summary judgment papers.

## II. Review of MJRR

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The

2

district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Sami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

### III.  Failure to Prosecute

### A.

A court may dismiss a case over which it presides if the plaintiff fails to prosecute, comply with the Federal Rules of Civil Procedure, or comply with a court order.  Fed. R. Civ. P. 41(b);Consolidation Coal Co. v. Gooding, 703 F.2d 230, 232 (6th Cir.1983) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ).  This measure is available to the court as a tool to manage its docket and avoid unnecessary burdens on the tax-supported courts and opposing parties.  Schafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008).

Although pro se plaintiff's are held to less stringent standards than attorneys, their cases may still be subject to dismissal if they fail to meet their readily comprehended responsibilities before the court.  See May v. Pike Lake State Park, 8 F. App'x 507, 508 (6th Cir. 2001) (citing Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir.1991)) (dismissing case for failure to adhere to readily comprehended deadlines).

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (citing Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999).

### B.

As noted in the MJRR, defendant Wilson filed a summary judgment motion on January 21, 2001; the remaining defendants filed a second motion for summary judgment on January 31, 2011.  The magistrate judge originally ordered plaintiff to respond to the first summary judgment motion by February 24, 2011.  (Doc. 189).  The scheduling order specifically provided that "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Doc. 189) (emphasis in original).  Plaintiff moved for a 30 day extension, which was granted until March 24, 2011. (Doc. 192).  In addition, the magistrate judge ordered plaintiff to respond to the second motion for summary judgment by that same date,

4

which order contained the same language regarding sanctions if no response was timely filed. (Doc. 193). March 24, 2011 came and went and plaintiff did not file any responses. The magistrate judge issued an order for plaintiff to show cause why dismissal should not be recommended given his failure to respond. (Doc. 196). Plaintiff filed a response on April 27, 2011, indicating that he had mis-calendared the deadlines and that responses to the motions for summary judgment would be filed by May 2, 2011. (Doc. 197). May 2, 2011 came and went with no responses being filed. As such, on May 10, 2011, the magistrate judge issued the MJRR recommending dismissal for failure to prosecute. (Doc. 198). On May 24, 2011, plaintiff filed objections to the MJRR. Plaintiff concedes that he has missed deadlines but says it is due to family circumstances and calendaring mistakes, not the result of wilfulness or bad faith.

Plaintiff also contends he did file a response to the summary judgment motions by hand-delivering to the Court (plaintiff does not say what date he delivered it to the Court) and does not know why the responses were not received. In a separate letter filing (Doc. 205), plaintiff further explains his filing of the summary judgment response. He attaches a proof that his response to the summary judgment motions was sent to the Clerk's Office on May 23, 2011 and the response mailed to defendants the same day. A document entitled plaintiff's response to defendants' second motion for summary judgment is file stamped June 13, 2011 (Doc. 204). Defendants contend in a response to plaintiff's letter filing (Doc. 206), that defendants did not receive a copy of plaintiff's response until it was filed with the Court on June 13, 2011.

C.

5

Based on the above, plaintiff did not timely file a response to the summary judgment motions. Even giving plaintiff every benefit of the doubt, he says he mailed his response to the Court on May 23, 2011. This is well past the twice-extended deadline of May 2, 2011. Moreover, while the Court received his objections to the MJRR which were filed on May 24, 2004, his summary judgment response was not received and filed until June 13, 2011, almost six (6) months after defendants filed their summary judgment motions. While plaintiff says family circumstances and calendaring mistakes have accounted for his delay, the Court agrees with the magistrate judge that the circumstances warrant a dismissal for failure to prosecute.

Moreover, as explained in detail in defendants' papers, plaintiff has a history of seeking extensions and otherwise failing to comply with Court deadlines. One example relates to the filing of defendants' first motion for summary judgment on September 30, 2008 (Doc. 72). Plaintiff's response was due October 24, 2008. Plaintiff filed a motion seeking an extension of time, which was granted in part, and required plaintiff to file a response by November 19, 2008 (Doc. 75). On the day the response was due, plaintiff filed a motion seeking another extension. (Doc. 76). The magistrate judge granted the motion and directed a response be filed by December 19, 2008. (Doc. 78). Plaintiff did not file the response until December 30, 2008. (Doc. 88).

Plaintiff's failure to diligently prosecute is also evident from his actions following the ruling on the first summary judgment motion. The Court adopted in part and rejected in part the MJRR, leaving only plaintiff's First Amendment § 1983 claim and statutory claim regarding the provision of Kosher meals. As to these claims, the Court on March 30, 2009, directed plaintiff to file a supplemental paper regarding his claims

6

within thirty (30) days. (Doc. 104). Plaintiff failed to comply with this order. Accordingly, on October 29, 2009, the Court entered an order requiring plaintiff "to file the supplemental paper within fifteen (15) days from the date of this order or face potential dismissal of the case." (Doc. 131). Plaintiff did not comply with this order.

On November 25, 2009, the Court entered an Order to Show Cause which required that plaintiff "**SHOW CAUSE in writing by December 4, 2009** as to why the case should not be dismissed for failure to comply with the Court's orders of March 30, 2009 and October 29, 2009 requiring the filing of a supplemental paper. Failure to respond will result in dismissal of the case. See Fed. R. Civ. P. 41(b); E.D. Mich. LR 41.2." (Doc. 132). Plaintiff did not respond to the show cause.

On December 4, 2009, the Court received two filings by plaintiff: a Motion for Stay of Proceedings and a Notice of Change of Address, which plaintiff signed and dated November 28, 2009. In the motion to stay, plaintiff says he was arrested in Oakland County on November 14, 2009 and has been in the Oakland County Jail ever since. Plaintiff requests a stay of 60 days and copies of all orders/filings in the case in the last 45 days be served on him at the Oakland County Jail. The Court denied the request for stay but gave plaintiff one last opportunity to comply with its orders of March 30, 2009, October 29, 2009 and November 25, 2009 regarding the filing of a supplemental papers. The Court directed that "**Plaintiff shall have until Monday, January 11, 2010 in which to file the supplemental paper**. **Failure to do so will result in dismissal of the case. No extensions will be given.**" (Doc. 135) (emphasis in original). Plaintiff finally filed his supplemental paper on January 11, 2010.

7

The above shows is a clear pattern of not diligently prosecuting the case and a disregard for filing deadlines. It also shows patience on the part of the magistrate judge and the Court in granting plaintiff numerous extensions. Plaintiff has been cautioned several times that the failure to comply with Court orders may result in dismissal. Thus, plaintiff has been on notice of his responsibility to timely file documents. Plaintiff offers no good excuse for his dilatory actions throughout this case. Dismissal under Rule 41(b) is appropriate.

## IV.  Summary Judgment

As noted above, plaintiff eventually filed a response to defendants' summary judgment motions.[1] The Court has reviewed defendants' motion and plaintiff's response. Putting aside that dismissal is warranted for failure to prosecute, the Court concludes that defendants would otherwise be entitled to summary judgment. As fully explained in defendants' papers, defendants are entitled to summary judgement for all the reasons articulated in their papers which the Court incorporates here by reference. Plaintiff's response fails to raise a genuine issue of material fact on his claims under RLUIPA or § 1983 regarding the provision of Kosher meals during the relevant time.

## V.  Conclusion

For the reasons stated above, the MJRR is ADOPTED as the findings and

---

[1]The motion is titled "Plaintiff's Response to Defendants Second ("Re-Newed") Motion for Summary Judgment." It is not clear that this response is also intended to be a response to Wilson's separate summary judgment motion. Thus, it could be said that to date, plaintiff has not filed a response to Wilson's motion.

conclusions of the Court.  This case is DISMISSED for failure to prosecute.

Defendants' summary judgment motions are therefore MOOT.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  October 4, 2011


I hereby certify that a copy of the foregoing document was mailed to Daniel Horacek, 165458, 951 Indianwood Road, Lake Orion, MI 48362 and the attorneys of record on this date, October 4, 2011, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160